IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CORDALE STACY**                                                                                          **PETITIONER**
ADC #156228

V.                                    NO. 4:25-cv-00298-JM-ERE

**DEXTER PAYNE Director,**
**Arkansas Division of Correction**                                           **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include their factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Moody can adopt this RD without independently reviewing the record.

**I.      Summary**

Cordale Stacy, an inmate at the Varner Supermax Unit of the Arkansas Division of Correction, filed through counsel a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Mr. Stacy's petition should be dismissed with

prejudice because the single claim he presents was adjudicated and rejected on the merits in state court, and relitigation is precluded under 28 U.S.C. § 2254(d).[1]

## II.   Background

On June 10, 2021, a St. Francis County, Arkansas jury convicted Mr. Stacy of the capital murder of a mother and her two minor children. *Stacy v. State*, 2023 Ark. 176, 2 (2023), *Doc. 5-1 at 579-581*. He received three life sentences, without the possibility of parole, and an additional fifteen years' imprisonment as a firearm enhancement. *Doc. 15-1 at 611-615*.

On direct appeal, Mr. Stacy argued that the trial court erred by denying his motions to dismiss the capital murder charges based on an asserted unconstitutional statutory overlap[2] between capital murder and lesser-included charges. *Stacy v. State*, 2023 Ark. 176, 2 (2023).

On December 7, 2023, the Arkansas Supreme Court issued an opinion rejecting Mr. Stacy's argument on the merits and affirming his convictions. *Stacy v. State*, 2023 Ark. 176, 2 (2023).

---

[1] This provision establishes the deferential review applied by federal habeas courts when reviewing claims resolved on the merits in state court. See *infra* discussion at Section III.

[2] "Statutory overlap" refers to the relationship between or among offenses that share some but not all of the same elements.

Mr. Stacy did not file a petition for rehearing, nor did he petition the United States Supreme Court for a writ of certiorari. Mr. Stacy did not seek post-conviction or other collateral review in state court.

On March 28, 2025, through counsel, Mr. Stacy filed the § 2254 now before the Court *Doc. 1*. His sole ground for relief is the same one he asserted on direct appeal, that his right to due process and a fair trial were violated due to statutory overlap of the charged crimes. *Id. at 3*.

On April 23, 2025, Respondent filed a response asserting that the petition should be denied as time barred or, alternatively, because the Arkansas Supreme Court reasonably rejected Mr. Stacy's statutory overlap argument, and its decision is entitled to deference under § 2254(d).[3]

On June 16, 2025, Mr. Stacy filed a reply. *Doc. 11*.

---

[3] Mr. Stacy likely failed to file his § 2254 petition within the one-year limitations period set by the Antiterrorism and Effective Death Penalty Act. However, because the Arkansas Supreme Court's merits-based adjudication of his only claim is clearly entitled to deference under § 2254(d), the Court need not address Respondent's alternative time-bar argument. *Patton v. Boyd*, 140 F.4th 964, 969 (8th Cir. 2025) (bypassing statute of limitations argument and proceeding directly to 2254(d) review in the interest of judicial economy); *White v. Steele*, 853 F.3d 486, 490 (8th Cir. 2017) ("But even where we have reason to doubt compliance with the statute of limitations, we may proceed to the merits in the interest of judicial economy."); *Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006) (noting that neither statute of limitations nor procedural default presents a jurisdictional bar to federal habeas review and proceeding to the merits of habeas petition despite likelihood it was untimely).

### III.     Discussion

Mr. Stacy raises a single claim: that his right to due process and a fair trial were violated due to statutory overlap of the charged crimes. The Arkansas Supreme Court rejected this claim on the merits.

Respondent argues that habeas relief is precluded under the deferential review standard for state court decisions mandated by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2254(d). Section 2254(d) provides that when a state prisoner's federal claim has been adjudicated on the merits in state court, a federal court "shall not" grant an application for habeas relief unless the state courts' adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; [4] or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5] "The question under [the] AEDPA is thus not whether a federal court

---

[4] A state court decision is "contrary to" clearly established federal law if the state court either "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

[5] The state court's factual findings are subject to a deferential standard of review and presumed correct unless the petitioner can rebut those findings through "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also *James v. Bowersox*, 187 F.3d 866, 871 (8th Cir. 1999).

believes the state court's determination was incorrect, but whether that determination was unreasonable–'a substantially higher threshold' for a prisoner to meet." *Shoop v. Twyford*, 142 S. Ct. 2037, 2043 (2022) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

In rejecting Mr. Stacy's statutory overlap claim, the Arkansas Supreme Court identified and correctly applied clearly established federal law as determined by the United States Supreme Court. In *United States v. Batchelder*, 442 U.S. 114 (1979), the defendant was convicted under 18 U.S.C. § 922(h) of being a felon in possession of a firearm, and he received a five year prison term—the maximum authorized under the statute. *Id*. at 116.

On appeal, the Seventh Circuit affirmed the conviction but remanded for resentencing, holding that the substantive elements of another (since repealed) statute were identical to § 922(h) but carried a maximum two year sentence. *Id.* at 116-117. The Seventh Circuit reasoned that the prosecutor's power to select between two statutes, identical except for their penalty provision, might be void for vagueness and implicated important due process and equal protection interests in avoiding excessive prosecutorial discretion. *Id*. The Supreme Court disagreed and found no constitutional violation noting that:

> there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once

5

> he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact standing alone does not give rise to a violation of the Equal Protection or Due Process Clauses.

*Batchelder*, 442 U.S. at 125. The Arkansas Supreme Court recognized that the foregoing reasoning applies equally to the circumstances in this case, where elements exclusive to the greater-charged crimes make them more serious than the lesser-charged crimes that contain some, but not all, of the same elements. The choice of charges against Mr. Stacy was constitutionally permissible.

In addition to alleging unbridled charging discretion, Mr. Stacy asserts that the combination of charges he faced "exposed an impermissible uncertainty . . . which called for their dismissal as charged." *Doc. 1 at 8*. He explains that his "statutory overlap challenge . . . is not simply the old chestnut as to the overlap between capital and first degree murder, but the overlap spanning those offenses and second degree murder." *Doc. 1 at 6*.

Mr. Stacy argues that charges he faced as to the child victims were especially problematic. They included: (1) premeditated-and-deliberated capital murder in violation of Ark. Code. Ann. § 5-10-101(a)(4); and (2) child-abuse capital murder in violation of § 5-10-101(a)(9)(A). And as required under Arkansas law, the trial court

instructed the jury as to the lesser included offenses of first-degree and second-degree murder.[6]

In *Batchelder*, the Supreme Court held: "So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied. *United States v. Batchelder*, 442 U.S. 114, 123 (1979). "A criminal statute is therefore invalid if it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" *Id.* (quoting *United States v. Harriss*, 347 U.S. 612, 617 (1954)).

In affirming Mr. Stacy's convictions, the Arkansas Supreme Court rightly noted that the elements of each charged offense differed in significant respects and provided clear notice of what acts were prohibited:

> The child-abuse capital-murder statute under section 5-10-101(a)(9)(A) provides that a person commits capital murder if "[u]nder circumstances manifesting extreme indifference to the value of human life, the person knowingly causes the death of a person fourteen (14) years of age or younger at the time the murder was committed if the defendant was eighteen (18) years of age or older at the time the murder was committed." Ark. Code Ann. § 5-10-101(a)(9)(A). A person commits murder in the first degree if the person knowingly causes the death of a person fourteen (14) years of age or younger at the time the murder was committed. Ark. Code Ann. § 5-10-102(a)(3). A person commits murder in the second degree if the person knowingly causes

---

[6] Under Arkansas law, when capital felony murder is charged, an instruction on first-degree felony murder, as a lesser-included offense, is also required because "the same evidence used to prove the former of necessity proves the latter." *Hill v. State*, 303 Ark. 462 (1990)

the death of another person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-10-103(a)(1).

Stacy's overlap argument is misplaced because the elements of each offense differ, and the State has the burden of proving each element beyond a reasonable doubt. *See Jester v. State*, 367 Ark. 249, 261, 239 S.W.3d 484, 494 (2006) (citing *Killman v. State*, 274 Ark. 422, 625 S.W.2d 489 (1981)). Here, unlike section 5-10-101(a)(9)(A), the first-degree murder statute found at section 5-10-102(a)(3) does not require that the murder be committed "[u]nder circumstances manifesting extreme indifference to the value of human life[.]" Ark. Code Ann. § 5-10-101(a)(9)(A). It also does not require that the defendant be "eighteen (18) years of age or older at the time the murder was committed." Ark. Code Ann. § 5-10-101(a)(9)(A). Similarly, the second-degree murder statute found at section 5-10-103(a)(1) differs from section 5-10-101(a)(9)(A) because it does not contain any reference to the age of the defendant or the victim. Thus, because these offenses set forth different elements to be proved by the State, we conclude that any alleged overlap presents no constitutional infirmity.[7]

*Stacy v. State*, 2023 Ark. 176, 7 (2023).

The Arkansas Supreme Court's decision is entitled to deference under § 2254(d), and Mr. Stacy's statutory overlap claim cannot be relitigated on federal habeas review.

---

[7] Mr. Stacy points out that the element of acting "under circumstances manifesting extreme indifference to the value of human life" is common to child-abuse capital murder and second-degree murder but absent from first-degree murder. *Doc. 1 at 8*. He fails to explain how this difference rendered the charges against him constitutionally impermissible. As the Arkansas Supreme Court noted, unlike the offenses of first-degree and second-degree murder, child-abuse capital murder requires proof that the murder be committed under circumstances manifesting extreme indifference to the value of human life *and* that the person knowingly caused the death of a person fourteen years or younger. *Stacy v. State*, 2023 Ark. at 176, 8 (2023).

## IV.  Conclusion

IT IS THEREFORE RECOMMENDED that:

1. Petitioner Cordale Stacy's § 2254 Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED with prejudice.

2. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.[8]

Dated 27 August 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] A certificate of appealability should be denied because Mr. Stacy has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).